1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ALEX A. VYALKOV, et al.,                  No. 2:25-cv-02478-DAD-AC (PS)

12                 Plaintiffs,

13          v.                                  ORDER DENYING PLAINTIFFS' *EX PARTE*
                                                MOTION FOR A TEMPORARY
14    UNITED GUARD SERVICES OF                  RESTRAINING ORDER
      AMERICA, et al.,
15                                              (Doc. No. 3)
                 Defendants.
16

17

18          This matter is before the court on an *ex parte* motion for a temporary restraining order

19    filed on August 29, 2025 by plaintiff Alex A. Vyalkov, proceeding *pro se*.  (Doc. No. 3.)  For the

20    reasons explained below, plaintiff's motion for a temporary restraining order will be denied.

21                                    **BACKGROUND**

22          On August 29, 2025, plaintiffs Alex A. Vyalkov and Julius M. Engel filed their complaint

23    against defendants United Guard Services of America, Michael Burke, Kyle Sprague, Kristopher

24    Jimenez, and Paragon Systems Inc.  (Doc. No. 1.)  In their complaint, plaintiffs allege as follows.

25          Plaintiffs were terminated from their employment with defendant Paragon Systems Inc.

26    (*Id.* at ¶¶ 10–11.)  Following their terminations, plaintiffs' union, defendant United Guard

27    Services of America, refused to arbitrate on the employees' behalf to contest their terminations.

28    (*Id.*)

                                          1

Based on these allegations, plaintiffs assert the following claims against defendants: (1) conspiracy; (2) wrongful discharge; (3) breach of contract; (4) Unfair Labor Practices under the National Labor Relations Act; (5) racketeering in violation of the Racketeer Influence and Corrupt Organizations Act; and (6) violation of the due process clause of the Fifth Amendment. (*Id.* at ¶¶ 10–21.)

On the same day plaintiffs filed their complaint, August 29, 2025, plaintiff Vyalkov filed the pending *ex parte* motion for a temporary restraining order seeking to compel plaintiffs' union and certain individual defendants to file for arbitration on behalf of plaintiff Vyalkov. (Doc. No. 3 at 1.)

## LEGAL STANDARD

The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Id.* at 1134–35 (citation omitted). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *see also Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("A plaintiff must do more than

merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief.").  Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter*, 555 U.S. at 22.

The likelihood of success on the merits is the most important *Winter* factor.  *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).  Plaintiff bears the burden of demonstrating that he is likely to succeed on the merits of his claims or, at the very least, that "serious questions going to the merits were raised."  *All. for Wild Rockies*, 632 F.3d at 1131.

## ANALYSIS

In certain circumstances, where a union has breached its duty of fair representation to one or more of its members, "compelling arbitration should be viewed as one of the available remedies[.]"  *Vaca v. Sipes*, 386 U.S. 171, 196 (1967).  Regardless of whether those circumstances may apply here, the union may only be compelled to arbitrate after a finding on the merits, either through a dispositive motion or trial.  *Id.* ("[A]n order compelling arbitration should be viewed as one of the available remedies *when a breach of the union's duty is proved*.") (emphasis added); *Anderson v. Legal Aid Soc'y*, No. 95-cv-02408-SAS, 1995 WL 322182, at *4 (S.D.N.Y. May 26, 1995) ("Thus, an order compelling arbitration may be an appropriate remedy only *after* it has been determined—by way of dispositive motion or by a trial on the merits—that a union has breached its duty of fair representation.").  Compelling arbitration at this stage of this action would therefore be premature.  *Anderson*, 1995 WL 322182, at *4 ("Here, of course, plaintiffs seek to compel arbitration before any determination of the underlying merits of their claims, and an order compelling arbitration would therefore be premature.").  In this regard, one district court explained as follows:

> [T]he union has exercised its authority to supervise the grievance resolution process.  Whether it properly exercised that authority is a question for the trier of fact.  To order arbitration prior to that determination being made would be to disregard the orderly grievance machinery provided for in the parties' collective bargaining agreement.  An order compelling arbitration is merely one of the remedies available *after* a breach of the union's duty of fair representation has been proved.

1  *Safran v. United Steel Workers of Am., AFL-CIO*, 678 F. Supp. 1178, 1182 (W.D. Pa. 1988).

2        Because the preliminary relief requested by plaintiff Vyalkov in his pending motion is not

3  available at this stage of this action, the court need not examine the temporary restraining order

4  factors.

5                                    **CONCLUSION**

6        For the reasons explained above, plaintiff Vyalkov's motion for a temporary restraining

7  order (Doc. No. 3) is DENIED.

8        IT IS SO ORDERED.

9  Dated:   **September 2, 2025**                    _Dale A. Drozd_

10                                   DALE A. DROZD
                                    UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28