1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALEX VYALKOV and JULIUS ENGEL,           No.  2:25-cv-02478 DAD AC PS

12                 Plaintiffs,

13          v.                                 FINDINGS AND RECOMMENDATIONS

14   UNITED GUARD SERVICES OF
     AMERICA, MICHAEL BURKE et al,
15
                    Defendants.
16

17          Pending before the undersigned is plaintiffs' motion for a preliminary injunction (ECF

18   No. 2).  Based on the analysis below, the undersigned recommends that plaintiffs' motion be

19   DENIED.

20          I.       RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

21          On August 29, 2025, plaintiffs Alex A. Vyalkov and Julius M. Engel filed their complaint

22   against defendants United Guard Services of America ("UGS"), Michael Burke, Kyle Sprague,

23   Kristopher Jimenez, and Paragon Systems Inc. ("Paragon").  ECF No. 1.  The complaint alleges

24   that plaintiffs were terminated from their employment with Paragon, without any due process or

25   progressive discipline per their Collective Bargaining Agreement ("CBA"), following a July 2025

26   altercation with a naked homeless man.  Id. at ¶¶ 10–11, 16-17.  Plaintiffs' union, defendant UGS,

27   refused to arbitrate on the employees' behalf to contest their terminations.  Id. at ¶¶ 10, 16.

28          Based in part on these allegations, plaintiffs assert the following claims against

defendants: (1) conspiracy; (2) wrongful discharge; (3) breach of contract; (4) Unfair Labor Practices under the National Labor Relations Act ("NLRA"); (5) racketeering in violation of the Racketeer Influence and Corrupt Organizations Act; and (6) violation of the due process clause of the Fifth Amendment. Id. at ¶¶ 10–21. The complaint also purports to represent a class of 150 Paragon protective security officers ("PSO") seeking to compel UGS' compliance with its fair representation duties under the NLRA. Id. at ¶ 22. Plaintiffs seek general and punitive damages; injunctive relief compelling UGS to file for arbitration of plaintiff's termination, plus plaintiffs' reinstatement with back pay; certification of PSOs as a class, with appointment of counsel at UGS' expense to represent said class; a full audit of UGS and appointment of a special master to oversee its compliance with any order stemming from this action, both at UGS' expense; and attorney's fees and costs. Id. at 14-15.

On the same day that plaintiffs filed their complaint and the instant motion, August 29, 2025, plaintiff Vyalkov filed an *ex parte* motion for a temporary restraining order compelling UGS and certain individual defendants to file for arbitration on behalf of plaintiff Vyalkov. ECF No. 3 at 1. The district judge denied that motion on September 2, 2025. ECF No. 6 at 4.

The current motion seeks a preliminary injunction compelling UGS to request arbitration on plaintiffs' behalf per the CBA, and compelling Paragon to reinstate plaintiffs and their coworker Kris Canares with their original seniority dates. ECF No. 2 at 1. Plaintiffs filed a total of three supplemental briefs between September 4 and 18, 2025. ECF Nos. 8-10. An opposition brief was filed on September 24 on behalf of UGS and every individual defendant (collectively "Union defendants"). ECF No. 17. Paragon filed a separate opposition on September 29, 2025. ECF No. 19. Plaintiffs filed a joint reply on October 15, 2025. ECF No. 25.

## II.    LEGAL STANDARD

"A preliminary injunction is an 'extraordinary and drastic remedy,' 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, p. 129 (2d ed.1995) [ ] (footnotes omitted); it is never awarded as of right, Yakus v. United States, 321 U.S. 414, 440, 64 S.Ct. 660, 88 L.Ed. 834 (1944)." Munaf v. Geren, 553 U.S. 674, 689-90 (2008). "The sole purpose of a preliminary injunction is to "preserve the status quo ante litem pending a determination of the

1  action on the merits." Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1023 (9th Cir. 2009) (citing

2  L.A. Memorial Coliseum Comm'n v. NFL, 634 F.2d 1197, 1200 (9th Cir.1980)); see also 11A

3  Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010).

4         In evaluating the merits of a motion for preliminary injunctive relief, the court considers

5  whether the movant has shown that "he is likely to succeed on the merits, that he is likely to

6  suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

7  favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense

8  Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009)

9  (quoting Winter). The propriety of a request for injunctive relief hinges on a significant threat of

10 irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldrige, 844

11 F.2d 668, 674 (9th Cir. 1988). A preliminary injunction is appropriate when a plaintiff

12 demonstrates "serious questions going to the merits and a hardship balance [ ] tips sharply toward

13 the plaintiff, . . . assuming the other two elements of the Winter test are also met." Alliance for

14 the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

15        Because the function of a preliminary injunction is to preserve the status quo pending a

16 determination on the merits, Chalk v. United States Dist. Court, 840 F.2d 701, 704 (9th Cir.

17 1988), there is heightened scrutiny where the movant seeks to alter rather than maintain the status

18 quo, Dahl v. HEM Pharms. Corp., 7 F.3d 1399, 1403 (9th Cir. 1993) (holding that mandatory, as

19 opposed to prohibitory, injunctions are "subject to heightened scrutiny and should not be issued

20 unless the facts and law clearly favor the moving party"). "In general, mandatory injunctions 'are

21 not granted unless extreme or very serious damage will result and are not issued in doubtful cases

22 or where the injury complained of is capable of compensation in damages.'" Marlyn

23 Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 879 (9th Cir. 2009) (quoting

24 Anderson v. United States, 612 F.2d 1112, 1115 (9th Cir. 1979)).

25                            **III.    ANALYSIS**

26        The motion for a preliminary injunction should be denied, because neither compelled

27 arbitration nor reinstatement is available at this stage of the case. Because plaintiffs seek to alter

28 the status quo, their motion is subject to the heightened standards applicable to mandatory

3

1    injunctions.  Plaintiffs do not and cannot meet that standard.

2         As to the request to compel arbitration, District Judge Drozd has already explained that

3    this remedy is unavailable prior to adjudication of the merits of plaintiff's claims:

> In certain circumstances, where a union has breached its duty of fair representation to one or more of its members, "compelling arbitration should be viewed as one of the available remedies[.]" *Vaca v. Sipes*, 386 U.S. 171, 196 (1967). Regardless of whether those circumstances may apply here, the union may only be compelled to arbitrate after a finding on the merits, either through a dispositive motion or trial. *Id.* ("[A]n order compelling arbitration should be viewed as one of the available remedies *when a breach of the union's duty is proved*.") (emphasis added); *Anderson v. Legal Aid Soc'y*, No. 95-cv-02408-SAS, 1995 WL 322182, at *4 (S.D.N.Y. May 26, 1995) ("Thus, an order compelling arbitration may be an appropriate remedy only after it has been determined—by way of dispositive motion or by a trial on the merits—that a union has breached its duty of fair representation."). Compelling arbitration at this stage of this action would therefore be premature. *Anderson*, 1995 WL 322182, at *4 ("Here, of course, plaintiffs seek to compel arbitration before any determination of the underlying merits of their claims, and an order compelling arbitration would therefore be premature."). . . .

14   ECF No. 6 at 3.  This analysis applies equally to the request in the present motion for an

15   injunction compelling the union (defendant UGS) to seek arbitration on plaintiffs' behalf pursuant

16   to the collective bargaining agreement.

17        As for plaintiffs' requested reinstatement to their former jobs with Paragon,[1] the injury

18   complained of in this lawsuit and which reinstatement is intended to remedy—the loss of

19   employment—is a purely economic harm that is generally not considered irreparable.  Los

20   Angeles Memorial Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1202 (9th Cir.

21   1980).  If such termination is proven unlawful through the action, damages can compensate for

22   the loss after the fact.  See Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.,

23   944 F.2d 597, 603 (9th Cir. 1991) ("It is true that economic injury alone does not support a

24   finding of irreparable harm, because such injury can be remedied by a damage award.").  The

---

[1]  The motion also seeks the reinstatement of a non-party to this case.  The court lacks jurisdiction to enforce the rights of parties not before it.  See Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

4

1    U.S. Supreme Court has held that the loss of earnings does not generally constitute irreparable

2    injury, because lost income can be recovered.  See Sampson v. Murray, 415 U.S. 61, 90 (1974)

3    (overturning preliminary injunction issued to prevent plaintiff from losing her job, for failure to

4    demonstrate irreparable harm).  That the amount of such damages might be "difficult to ascertain"

5    or subject to inconsistent rulings in "multiple litigation" is irrelevant.  ECF No. 25 at 5.

6         Plaintiffs contend that Paragon will be unable to compensate them through monetary

7    damages because it faces bankruptcy.  Id.  Plaintiffs' only support for this assertion is an excerpt

8    from a report about fraud committed by five Paragon officials, who often reviewed complaints of

9    such fraud and prevented any full investigation into such claims.  ECF No. 2 at 6.  Paragon settled

10   with the Department of Justice for over $50 million, not including individual settlements by the

11   five individuals involved.  Id.  No evidence, however, supports plaintiffs' assertion that this

12   settlement, any purported cancellation of government contracts, or the impact on Paragon's

13   reputation will lead to bankruptcy or otherwise leave Paragon unable to pay any damages

14   awarded in this action.  See ECF No. 2 at 2.

15        There being no showing of irreparable harm as to plaintiffs' loss of employment, or

16   entitlement to preliminary relief compelling arbitration, it is recommended that the motion for a

17   preliminary injunction be denied.  In the absence of irreparable harm, the court need not consider

18   the other Winter factors.

19                      **IV.    SUMMARY FOR PRO SE PLAINTIFF**

20        The magistrate judge recommends that your motion for a preliminary injunction be

21   denied.  The district judge already explained that an order requiring UGS to arbitrate your

22   termination is not available at this point.  Reinstatement to your job with Paragon is also

23   something you can't get as preliminary relief.  Preliminary injunctions are to keep things the way

24   they are while a case is litigated, not to put them back where they were before you were

25   terminated.  Your injury was loss of a job, and damages can provide compensation if you win the

26   case.  That means the injury isn't "irreparable" and an injunction is not available.

27        The district judge will make the final decision.  If you disagree with these findings and

28   recommendations, you may file objections within twenty-one days.  The district judge will

5

1    consider your objections before ruling on the motion for a preliminary injunction.

2                                    V.        CONCLUSION

3            For all the reasons explained above, it is RECOMMENDED that plaintiffs' motion for a

4    preliminary injunction (ECF No. 2) be DENIED.

5            These findings and recommendations are submitted to the United States District Judge

6    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days

7    after being served with these findings and recommendations, any party may file written

8    objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a

9    document should be captioned "Objections to Magistrate Judge's Findings and

10   Recommendations."  Any response to the objections shall be filed with the court and served on all

11   parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file

12   objections within the specified time may waive the right to appeal the District Court's order.

13   Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57

14   (9th Cir. 1991).

15   DATED: November 3, 2025

16                                                    _____

17                                                    ALLISON CLAIRE
                                                     UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

                                                        6