UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX A. VYALKOV and JULIUS ENGEL,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED GUARD SERVICES OF AMERICA, et al.,<br><br>Defendants. | No.  2:25-cv-02478-DAD-AC (PS)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION<br><br>(Doc. Nos. 2, 30) |

Plaintiffs Alex A. Vyalkov and Julius M. Engel are proceeding *pro se* and *in forma pauperis* in this civil action which they initiated by filing their complaint in this court on July 12, 2024.  (Doc. No. 1.)  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 4, 2025, the assigned magistrate judge issued findings and recommendations recommending that plaintiffs' motion for a preliminary injunction (Doc. No. 2) be denied.  (Doc. No. 30.)  Specifically, the magistrate judge concluded that to the extent plaintiffs seek an order compelling defendant United Guard Services (UGA) to request arbitration on plaintiffs' behalf, their motion is premature absent a determination on the merits.  (*Id.* at 3–4) (citing Doc. No. 6 at 3).  The magistrate judge also concluded that plaintiff's motion for a preliminary injunction compelling their former employer Paragon to reinstate them and a co-

1

worker to their positions with their original seniority dates should be denied because plaintiffs had failed to show that they would suffer irreparable harm in the absence of the granting of injunctive relief. (*Id.* at 4–5.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within twenty–one days (21) days after service. (*Id.* at 6.) On November 26, 2025, plaintiffs filed objections to the pending findings and recommendations. (Doc. No. 35.) On December 10, 2025, defendant Paragon Systems, Inc. filed a response to plaintiffs' objections.[1] (Doc. No. 38.) In their objections plaintiffs argue that defendants have engaged in various forms of misconduct and that plaintiffs' motion for a preliminary injunction should be granted "I [sic] the name of public concern/safety and nation [sic] al [sic] security." (Doc. No. 35 at 6.) The objections do not address the pending findings and recommendations in any meaningful way and provide no basis upon which they should be rejected.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiffs' objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1.     The findings and recommendations issued on November 4, 2025 (Doc. No. 30) are adopted in full;

/////

/////

/////

/////

/////

---

[1] In its response to plaintiffs objections defendant Paragon Systems, Inc. argues that those objections are conclusory and supported, made up in large part of *ad hominem* attacks on the defendants, and fail to address plaintiffs failure to establish either irreparable harm in the absence of injunctive relief or their entitlement to reinstatement. (Doc. No. 38 at 2.)

2.      Plaintiffs' motion for a preliminary injunction (Doc. No. 2) is denied; and

3.      This matter is referred back to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   **March 16, 2026**

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3