UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX VYALKOV and JULIUS ENGEL,<br>Plaintiffs,<br>v.<br>UNITED GUARD SERVICES OF AMERICA, MICHAEL BURKE et al,<br>Defendants. | No. 2:25-cv-02478 DAD AC PS<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Plaintiffs are proceeding pro se in this action, which challenges their union's failure to arbitrate on their behalf or otherwise represent them in disputes with their employer, Paragon Systems Inc.[1] Two motions are presently before the court: (1) plaintiffs' motion for class certification, appointment of counsel, appointment of a special master, and an accounting (ECF No. 23); and (2) defendants' motion to dismiss (ECF No. 31). Both motions are fully briefed. For the reasons that follow, the undersigned recommends that plaintiffs' motion be denied and defendants' motion granted.

I. <u>Relevant Background</u>

According to the complaint, ECF No. 1, both plaintiffs worked as security officers at the

[1] Paragon Systems has been dismissed from the action. ECF No. 43.

federal courthouse in Sacramento. Plaintiff Vyalkov was allegedly fired without due process or progressive discipline, as required by the applicable collective bargaining agreement, following a July 2025 incident with a naked homeless man. ECF No. 1 at 3-5. Plaintiff Engel was allegedly deprived of shifts to which he was entitled, was harassed, and was forced to take a fitness for duty exam administered by an unqualified doctor. Id. at 5-7. Plaintiffs assert the following claims: (1) conspiracy; (2) wrongful discharge; (3) breach of contract; (4) Unfair Labor Practices under the National Labor Relations Act ("NLRA"); (5) racketeering in violation of the Racketeer Influence and Corrupt Organizations Act; and (6) violation of the due process clause of the Fifth Amendment. ECF No. 1 at ¶¶ 10–21.

The complaint was filed on August 29, 2025, and accompanied by a motion for temporary restraining order, ECF No. 3, which was denied, ECF No. 6. Plaintiff also sought a preliminary injunction, ECF No. 2, which was denied, ECF Nos. 30, 39.

II. Plaintiffs' Motion for Class Certification and Related Relief (ECF No. 23)

The pro se plaintiffs style their lawsuit as a putative class action, ECF No. 1, but self-represented parties may not maintain class actions. Self-represented litigants may only represent themselves and pursue claims that are personal to themselves. See 28 U.S.C. § 1654 (in federal court, "parties may plead and conduct their own cases personally or by counsel ...."). It is well established that because the privilege to represent oneself pro se is personal to the litigant, it does not extend to other parties or entities. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008). A pro se party thus "has no authority to appear as an attorney for others than himself." C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). Claims on behalf of entities, including putative classes, must therefore be brought by licensed attorneys. Simon, 546 F.3d at 664-65 (collecting cases finding that pro se plaintiffs may not pursue class actions, qui tam actions, shareholder derivative actions, or actions on behalf of an estate or trust). Accordingly, the pro se motion for class certification under Rule 23 cannot be entertained and must be denied. It is unnecessary to address the requirements for class certification.

Plaintiffs' request for appointment of counsel does not help them avoid this result. There is no right to counsel in civil litigation, and the district court's statutory authority to request the

voluntary assistance of counsel is limited to proceedings in forma pauperis. See 28 U.S.C. § 1915(e)(1). Plaintiffs are not proceeding in forma pauperis. See docket entry dated 8/29/2025. Nor have they made a factual showing that they are unable to afford counsel. See § 1915(e)(1). In any event, where the appointment of counsel is authorized, it is appropriate only in "exceptional circumstances." See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). For the reasons explained more fully below regarding the motion to dismiss, plaintiffs cannot show a likelihood of success on the merits. The request for appointment of counsel is therefore denied.[2]

Plaintiffs' requests for the appointment of a receiver and for an accounting have no legal basis and are summarily denied. To the extent these requests could be construed as requests for preliminary injunctive relief, they are not presented in proper form and will not be considered.

## III. Defendants' Motion to Dismiss (ECF No. 31)

### A. Overview

The remaining defendants are United Government Security Officers of America ("UGSOA") (erroneously sued as "United Guard Services of America"); Michael Burke, the district manager of UGSOA; Kyle Sprague, vice-president of UGSAO Local No. 223; and Kristopher Jimenez, president of UGSAO Local No. 223. See ECF No. 1 at 2-3. They move to dismiss the complaint in its entirety, without leave to amend. ECF No. 31. Plaintiffs filed an opposition, ECF No. 34, and defendants replied, ECF No. 37.

### B. Legal Standards Governing Motions to Dismiss Under Rule 12(b)(6)

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

---

[2] Plaintiffs specifically request the appointment of a particular firm, and an order that defendants pay for their representation. There is no legal basis for the appointment of counsel on such terms.

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend,

unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

C. Plaintiffs' State Law Claims (Claims I, II, and III) Are Preempted by the LMRA

Plaintiffs' first three claims—for conspiracy, wrongful discharge, and breach of contract—appear to be brought under California law. No federal basis for the claims is asserted, and the complaint's jurisdictional statement identifies only the fourth through sixth claims as federal causes of action, invoking the court's supplemental jurisdiction over the others. ECF No. 1 at 2. Defendants argue here that these claims are preempted by Section 310 of the Labor Management Relations Act.

1. Applicable Preemption Principles

Section 301 of the Labor Management Relations Act establishes federal jurisdiction over suits for violation of union contracts, 29 U.S.C. § 185(a), and preempts all state law causes of action for violation of contracts between and employer and a labor organization. Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 23 (1983); Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007). Preemption is not limited to breach of contract claims. Jackson v. S. California Gas Co., 881 F.2d 638, 643 (9th Cir. 1989). Rather, it extends to any claims the resolution of which depends on analysis of the terms of a labor contract. Matson v. United Parcel Serv., Inc., 840 F.3d 1126, 1132 (9th Cir. 2016).

A two-part test applies to determine whether a claim is preempted. Id. at 1132. First, the court asks whether a particular right arises under state law or is grounded in a collective bargaining agreement (CBA). If the claim is founded directly on rights created by a CBA, then the claim is pre-empted and further analysis is unnecessary. If the claim is founded on rights created by state law, the court proceeds to the second step, asking whether that state law right is "substantially dependent" on the terms of a CBA. Id.

2. Plaintiffs' Conspiracy Claim

Claim I alleges that defendants conspired to deprive plaintiffs of the benefits of the applicable CBA in relation to (1) Vyalkov's firing without progressive discipline or due process, and (2) Engel's removal from the schedule. ECF No. 1 at 3-7. On its face, this claim is based on

rights arising from the CBA. See id. at 4 (relying on CBA for Vyalkov's right to progressive discipline), 7 (relying on CBA for Engel's right to union assistance regarding Paragon's refusal to put him on the schedule). Because the rights that plaintiffs allege were violated arise directly from the CBA, this claim is preempted.[3]

3. Plaintiffs' Wrongful Discharge Claim

In Claim II, plaintiff Vyalkov alleges that his discharge was wrongful in that he was "entitled to the protections of the CBA and the due process provided therein; including representation by UGSOA, which was wrongfully withheld." ECF No. 1 at 8.[4] He alleges further that his right to progressive discipline, guaranteed by the CBA, was ignored. Id.

A cause of action for wrongful discharge is properly pled against the employer only. Green v. Ralee Engineering Co., 19 Cal. 4th 66 (1998). Plaintiff's former employer, Paragon Systems, was originally named as a defendant but has been dismissed. See ECF No. 43. Nonetheless, it is beyond dispute that plaintiff bases this claim on rights arising from the CBA. Accordingly, to the extent if any that a claim for wrongful discharge would lie against the union defendants, or to the extent that any alternative state law claim might be fashioned against the union defendants in relation to any plaintiff's discharge, such a claim is preempted.

4. Plaintiffs' Breach of Contract Claim

Claim III is expressly based on the allegation that "[d]efendants and each of them breached the contractual provisions of the CBA." ECF No. 1 at 9. Such a claim is squarely preempted by § 301 of the LMRA. See Newberry v. Pacific Racing Ass'n, 854 F.2d 1142, 1146

---

[3] Moreover, as defendants accurately point out, conspiracy under California law is not a freestanding claim but a theory of collective liability for independent civil wrongs. See Qwest Communications Corp. v. Weisz, 278 F. Supp. 2d 1188, 1191 (S.D. Cal. 2003); Navarrete v. Meyer, 237 Cal. App. 4th 1276, 1291 (2015). Accordingly, apart from preemption, the viability of Claim One turns on the viability of plaintiffs' other claims.

[4] Although this claim is pled with reference to "plaintiffs" in the plural, the complaint's only factual allegations involving discharge from employment relate to Vyalkov. The facts involving Engel are limited to matters other than termination. Accordingly, the undersigned construes the claim as limited to Vyalkov. This construction is further supported by the fact, subject to judicial notice, that Engel filed a separate action regarding his alleged constructive discharge by Paragon. See Engel v. Paragon, et al., Case No. 2:24-cv-2479 DJC CKD, in which Engel has asserted constructive wrongful discharge and related claims. Case dispositive findings and recommendations are pending before the district judge in that case.

(9th Cir. 1988) ("[a] suit for breach of a collective bargaining agreement is governed exclusively by federal law under section 301.").

5. Conclusion as to State Law Claims

Accordingly, all of plaintiffs' state law claims must be dismissed on preemption grounds. To the extent if any that Claims I through III could be fairly construed as, or amended to be styled as, § 301 claims based on an alleged violation of the Union's duty of fair representation, they would be subject to the analysis to which the court now turns in relation to Claim IV.

D. Claim IV: Unfair Labor Practices

In Claim IV, "Unfair Labor Practices (NLRA)", plaintiffs allege that defendant Sprague violated his duty of fair representation by making unfair statements to Engel and treating both plaintiffs rudely. ECF No. 1 at 10. The complaint also alleges in conclusory terms that "UGSOA, Sprague, Jimenez, and Burke have violated their duty of fair representation by not acting in good faith, not investigating and filing grievances in the first place [and] personal dislike of plaintiffs…" Id.

1. Plaintiffs Fail to State a Claim Against the Individual Defendants

The court notes first that a claim for breach of the duty of fair representation lies only against the union, not against individual union officers. See Carter v. Smith Food King, 765 F.2d 916, 920–21 (9th Cir. 1985); Sanford v. Alameda-Contra Costa Transit Dist., 888 F.2d 1394 (9th Cir. 1989). Accordingly, this claim must be dismissed as to Sprague, Jimenez, and Burke.

2. Plaintiff Engel's Claim Is Time-Barred

Secondly, plaintiff Engel's claim is time-barred on the face of the complaint. A six-month statute of limitations applies to claims that a union did not act fairly on behalf of a member. DelCostello v. Int'l Brotherhood of Teamsters, 462 U.S. 151, 169, (1983); Conley v. Int'l Brotherhood of Elec. Workers, Local 639, 810 F.2d 913, 915 (9th Cir. 1987). Unlike Vyalkov, who was terminated shortly before the federal complaint was filed in 2025, Engel seeks relief for the union's alleged failure to represent him in disputes with Paragon that arose in 2022 and 2023. ECF No. 1 at 5-7. Any claims arising from UGSOA's failure to fairly represent Engel in relation to those incidents are barred by the statute of limitations.

In opposition to dismissal, plaintiffs argue that Engel's claim is timely because he filed a claim with the NLRB within six months of the incidents, and his time to file a lawsuit should run from his receipt on April 17, 2024, of a letter informing him that the NLRB had closed its inquiry. Plaintiffs appears to argue in the alternative that Engel is entitled to tolling of the limitation period during the pendency of the NLRB claim. Finally, they argue that the timely filing of a related case, Engel v. Paragon, et al., Case No. 2:24-cv-2479 DJC CKD,[5] satisfies the statute of limitations as to this case. See ECF No. 34 at 3-4. Plaintiffs' arguments proceed from a misunderstanding of the applicable statute of limitations.

There is no administrative exhaustion requirement for § 301 claims, as the NLRB and the district courts have concurrent jurisdiction. Smith v. Evening News Assn., 371 U.S. 195, 197-198 (1962). The statute of limitations for filing a lawsuit generally begins to run when the employee knows or should have known of the alleged breach of the duty of fair representation. Galindo v. Stoody Co., 793 F.2d 1502,1509 (9th Cir. 1986). The pursuit of remedies with the NLRB does not have tolling effect. Conley v. International Broth. of Elec. Workers, Local 639, 810 F.2d 913, 915-16 (9th Cir. 1987). And the filing of a related case has no bearing on the timeliness of the claims in this action. Because any fair representation claim on behalf of Engel is time-barred, Claim IV must be dismissed to the extent it seeks to vindicate his rights.

3. Plaintiff Vyalkov's Claim Is Not Supported By Sufficient Allegations

Finally, the facts underlying the complaint do not support a claim for denial of fair representation as to Vyalkov's termination. "The duty of fair representation is a judicially established rule imposed on labor organizations because of their status as the exclusive bargaining representative for all of the employees in a given bargaining unit." Peterson v. Kennedy, 771 F.2d 1244, 1253 (9th Cir. 1985). A union breaches its duty of fair representation when its "conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190 (1967). Unions are not obliged to arbitrate all member grievances with an employer, but must make decisions about the merits of particular grievances

[5] See supra n.4.

"in good faith and in a nonarbitrary manner[.]" Id. at 194. When a union has made a decision not to pursue arbitration or provide representation in a particular case, that exercise of judgment is entitled to deference and plaintiff can prevail only where the union's actions or inactions are "so far outside a wide range of reasonableness that [they are] wholly irrational or arbitrary." Air Line Pilots Ass'n. Int'l v. O'Neill, 499 U.S. 65, 78 (1991) (internal quotations and citations omitted). Alternatively, a plaintiff may establish that a union's exercise of judgment was discriminatory, which requires facts showing "discrimination that is intentional, severe, and unrelated to legitimate union objectives." Amalgamated Ass'n of Street, Electric Railway & Motor Coach Employees of America v. Lockridge, 403 U.S. 274, 301(1971) (internal quotations omitted). To establish that the union's exercise of judgment was in bad faith, the plaintiff must show "substantial evidence of fraud, deceitful action or dishonest conduct." Id. at 299.

The allegations of the complaint in this case fall far short of demonstrating irrationality, arbitrariness, discrimination or bad faith. Plaintiff 's conclusory allegations are insufficient as a matter of law. Claim IV alleges that the union denied representation because of personal dislike for plaintiffs, ECF No. 1 at 10, but there are no facts suggesting legally impermissible bias of any kind. The complaint implies that reasons given for non-representation, including that plaintiffs were no longer dues-paying union members, were false or constituted a "self-feeding 'catch-22' that a member is no longer a member when dismissed [such that the union] cannot represent them." Id. This does not rise to the level of deceitful or dishonest action, but arguably hints at a theory of arbitrariness or bad faith. As pleaded the claim is inadequate to state a claim for relief, but the court cannot exclude the possibility that Vyalkov could amend to state a claim for breach of the duty of fair representation.

E. Claim V: RICO

Plaintiffs' fifth cause of action alleges racketeering in violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act. ECF No. 1 at 11. To state a civil RICO claim, a plaintiff must present facts demonstrating that defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must establish that (5) the defendant caused injury to plaintiff's business or property. Chaset v. Fleer/Skybox Int'l,

300 F.3d 1083, 1086 (9th Cir. 2002). Such racketeering activity constitutes a pattern if at least two such acts occur within ten years of each other. Howard v. Am. Online Inc., 208 F.3d 741, 746 (9th Cir. 2000) (quoting 18 U.S.C. § 1961(5)).

Claim V contains a conclusory allegation that "UGSOA… qualifies as a RICO organization as they have [been] accepting fees for a decade and have provided no services and keep the money to themselves." ECF No. 1 at 11. This does not satisfy plaintiffs' pleading burden as to the existence of an enterprise. See Odom v. Microsoft Corp., 486 F.3d 541, 552 (9th Cir. 2007). There are no allegations which describe a pattern of racketeering activity, or that causally connect any such activity to injuries that plaintiffs have suffered. Accordingly, plaintiffs have failed to state a claim for relief under RICO. Given the nature of the underlying dispute, which turns on the union's failure to provide representation regarding discrete employment actions, there is no reason to think this claim could be cured by amendment.[6]

F. Claim VI: Fifth Amendment Due Process

Claim Six alleged a violation of plaintiffs' Fifth Amendment due process rights. The Fifth Amendment's due process protections apply only to the federal government. Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008). Because defendants are not federal actors, this claim must be dismissed. See Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001) (dismissing Fifth Amendment due process and equal protection claims brought against the City of Los Angeles because defendants were not federal actors).

G. Leave to Amend

Pro se plaintiffs are ordinarily granted liberal leave to amend, but such leave may denied where the claims cannot be cured by amendment. Noll, 809 F.2d at 1448. Here, the preemption of Claims I, II and III by § 310 of the LMRA cannot be overcome by amending. Because the gravamen of these claims is the alleged violation of rights created by a collective bargaining agreement, preemption cannot be avoided by restating or embellishing the claims. The portion of

[6] Moreover, defendants make a compelling case that the RICO claim is be subject to § 301 preemption, although the Ninth Circuit has not squarely held in a published case that RICO claims are preempted by § 301. See ECF No. 31 at 20-22. The undersigned finds it unnecessary to reach this issue.

Claim IV alleging denial of fair representation to plaintiff Engel cannot be cured by amendment because it is plainly time-barred. The allegation of additional facts would have no effect on its timeliness. Claim V (RICO) cannot be cured because the underlying dispute does not plausibly support a RICO claim, and Claim VI (Fifth Amendment) fails as a matter of law because defendants are not federal actors. These are not defects that can be cured, so amendment would be futile as to all these claims.

The only portion of the complaint which fails primarily for lack of sufficient factual allegations, a problem which could theoretically be addressed by amendment, is the fair representation claim on behalf of plaintiff Vyalkov. It is recommended that Vyalkov be granted leave to file an amended complaint which contains a single claim against the union for denial of fair representation, setting forth facts which demonstrate that the decision not to seek arbitration or otherwise represent him in relation to his termination was arbitrary, discriminatory, or in bad faith.

## CONCLUSION

For the reasons explained above, it is HEREBY ORDERED that plaintiffs' requests for appointment of counsel and for miscellaneous relief, contained in ECF No. 23, are DENIED.

It is FURTHER RECOMMENDED that:

1. Plaintiff's motion for class certification (ECF No. 23) be DENIED:
2. Defendants' motion to dismiss (ECF No. 30) be GRANTED as follows:
   a. With leave to amend as to plaintiff Vyalkov only, on the sole claim that defendant UGSOA violated its duty of fair representation in relation to his termination;
   b. Otherwise without leave to amend;
   c. Plaintiff Engel be terminated from the action;
   d. Defendants Sprague, Jimenez, and Burke be terminated from the action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 19, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE