UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEX VYALKOV and JULIUS ENGEL,

Plaintiffs,

v.

UNITED GUARD SERVICES OF AMERICA (UGSOA), MICHAEL BURKE, et al.,

Defendants.

No. 2:25-cv-02478-DAD-AC PS

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION, AND GRANTING DEFENDANTS' MOTION TO DIMSISS COMPLAINT WITH LEAVE TO AMEND ONLY AS TO PLAINTIFF VYALKOV'S CLAIM FOR VIOLATION OF THE DUTY OF FAIR REPRESENTATION BROUGHT AGAINST DEFENDANT UGSOA

(Doc. Nos. 23, 31, 45)

Plaintiffs Alex Vyalkov and Julius Engel are proceeding *pro se* in the above-captioned civil action. The matter was referred to a United States Magistrate Judge pursuant to Local Rule 302(c)(21).

On August 19, 2026, the assigned magistrate judge issued findings and recommendations recommending that plaintiffs' motion for class certification (Doc. No. 23) be denied and that defendants' motion to dismiss (Doc. No. 31) be granted without leave to amend except as to plaintiff Vyalkov's claim brought against defendant UGSOA for violation of the duty to provide fair representation as to which leave to amend should be granted. (Doc. No. 45.) Specifically, the magistrate judge concluded that because they were proceeding *pro se* in this action, plaintiffs were unable to prosecute the action on behalf of a class and therefore their motion for class certification must be denied. (*Id.* at 2–3.) In addition, the magistrate judge found that all of

plaintiffs' state law claims were preempted by § 301 of the Labor Management Relations Act (LMRA). (*Id.* at 5–7.) The magistrate judge also concluded: (1) that plaintiffs had failed to state any cognizable claim against the individual defendants named in the complaint; (2) that plaintiff Engel's claim brought against defendant UGSAO was time barred under the applicable statute of limitations; (3) that plaintiff Vyalkov's denial of fair representation claim brought against defendant UGSAO was not supported by adequate allegations of irrationality, arbitrariness, discrimination or bad faith; (4) that plaintiffs had clearly failed to state a cognizable claim for relief under the RICO statute; and (5) that plaintiffs' Fifth Amendment Due Process claim was not cognizable because the named defendants were not federal actors. (*Id.* at 7–10.) Finally, the magistrate judge concluded that the noted deficiencies were not capable of being cured by way of amendment and that leave to amend should be denied as futile. (*Id.* at 10–11.) The one exception was as to plaintiff Vyalkov's fair representation claim brought against defendant UGSAO which was found to fail primarily because of insufficient factual allegations which could, theoretically, be cured by way of amendment. (*Id.* at 11.) Accordingly, as to that claim only the magistrate judge recommended that dismissal be with leave to amend. (*Id.* at 11.)

The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days of service. (*Id.*) On September 2, 2026, the court received plaintiffs' objections to the pending findings and recommendations. (Doc. No. 46.) Therein, plaintiffs object only to the recommendation that defendants' motion to dismiss be granted and do not address the recommendation that their motion for class certification be denied. (*Id.*) In their objections plaintiffs present arguments that do not meaningfully address the analysis set forth in the thorough and well-reasoned findings and recommendations. For instance, in objecting to the recommendation that plaintiff Engels' claim for breach of the duty of fair representation against defendant UGSAO should be dismissed as time barred, plaintiffs contend in conclusory fashion that August 3, 2026 is the critical date for statute of limitations purposes. (*Id.* at 2.) However, this argument ignores the fact, as pointed out by the magistrate judge, that plaintiff Engel's claim in this regard is based on his assertion that the union breached it duty of fair representation to him in connection with disputes that arose in 2022 and 2023.

(Doc. No. 45 at 7.) The remainder of plaintiffs' objections fair no better, being laced with disparaging comments directed at the named defendants and, in at least one instance, apparently at the court. (See Doc. No. 46 at 3) ("Plaintiffs are trouble [sic] that it seems the defendant is getting "'home cooking."')

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on August 19, 2026 (Doc. No. 45) are adopted in full;
2. Plaintiffs' motion for class certification (Doc. No. 23) is DENIED;
3. Defendants' motion to dismiss (Doc. No. 31) is GRANTED as follows:
    a. With leave to amend as to plaintiff Vyalkov only and only as to the claim that defendant UGSOA violated its duty of fair representation in relation to his termination;
    b. Otherwise without leave to amend;
    c. Plaintiff Engel be terminated from this action;
    d. Defendants' Sprague, Jimenez, and Burke be terminated from the action;
4. Plaintiff Vyalkov is directed to file an amended complaint only as to his claim that defendant UGSOA violated its duty of fair representation in relation to his termination, or a notice of his intent not to do so, within thirty (30) days of the service date of this order; and
5. This action is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **September 16, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE